UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00243-FDW
(CRIMINAL CASE NO. 3:14-cr-00015-FDW-1)

| | |
|---|---|
| KEVIN WATSON MCCLARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 11]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

**I.     BACKGROUND**

On January 22, 2014, Petitioner Kevin Watson McClary ("Petitioner") was charged in a Bill of Indictment with four counts of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts One, Four, Seven, and Ten); four counts of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Counts Two, Five, Eight, and Eleven); and four counts of aiding and abetting the possession and brandishing of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Six, Nine, and Twelve). [CR Doc. 1: Bill of Indictment]. Relevant here, Count Three charged that the

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00243-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00015-FDW-1.

predicate crimes of violence included conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery as charged in Counts One and Two, respectively. [Id. at 2-3].

Petitioner and the Government reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Three, Four, Seven, and Ten and the Government agreed to dismiss Counts Two, Five, Six, Eight, Nine, Eleven, and Twelve. [CR Doc. 33 at ¶¶ 1-2: Plea Agreement]. In the plea agreement, Petitioner acknowledged the statutory minimum and maximum sentences for each count; that is, a maximum term of 20 years on each of Counts One, Four, Seven, and Ten, and a minimum consecutive term of seven (7) years on Count Three. [Id. at ¶ 4]. Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 35: Acceptance and Entry of Guilty Plea]. The Presentence Investigation Report (PSR) prepared in advance of Petitioner's sentencing advised that Petitioner was a career offender under U.S.S.G. §4B1.1 based on his prior North Carolina convictions for common law robbery and conspiracy to commit common law robbery. [CR Doc. 66 at ¶ 68: PSR]. The career offender enhancement resulted in a sentencing range of 262 to 327 months. [Id. at ¶ 69]. The Court sentenced Petitioner to a term of imprisonment of 178 months on each of Counts One, Four, Seven, and Ten, to run concurrently, and a consecutive term of 84 months on Count Three, for a total term of imprisonment of 262 months. [CR Doc. 74 at 2: Judgment]. Judgment on Petitioner's conviction was entered June 1, 2015. [Id. at 1]. Petitioner did not directly appeal his conviction or sentence.

On May 17, 2016, Petitioner, represented by counsel, timely filed the pending motion to vacate. [CV Doc. 1]. Petitioner argued two grounds for relief: (1) his § 924(c) conviction should be vacated because conspiracy to commit Hobbs Act robbery and Hobbs Act robbery are not crimes of violence; and (2) his career offender sentence violates due process.[2] [Id. at 3-12].

---

[2] Petitioner no longer maintains his career offender challenge, [see CV Doc. 14], and Beckles would foreclose the relief sought in any event. Beckles, 137 S.Ct. at 890, 895 (holding that "the advisory

2

After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 3]. Then, upon the request of the Government, this matter was stayed pending the Supreme Court's decision in Beckles v. United States, No. 15-8455. The Court ordered that the Government respond to Petitioner's motion to vacate within 60 days of the Beckles decision. [CV Doc. 4; 9/19/2016 Text Order]. Beckles was decided on March 6, 2017. Beckles v. United States, 137 S.Ct. 886 (2017). After Beckles, and again on the Government's request, the Court stayed this matter pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. [CV Doc. 6; 5/5/2017 Text Order]. On August 21, 2019, after the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), and the Fourth Circuit's decision in Simms, which held that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c), Petitioner filed a supplemental brief in support of his motion to vacate. [CV Doc. 7]. Petitioner argued for the first time that Petitioner's § 924(c) conviction was predicated on conspiracy to commit Hobbs Act robbery only. [See id.].

On March 16, 2021, the Court *sua sponte* continued the stay of this matter pending the Fourth Circuit's decision in United States v. Dickerson, No. 20-6578. [CV Doc. 10]. About a year later, Dickerson was decided sub nominee in United States v. Ogun, 2022 WL 843899 (4th Cir. 2022), and the Government moved to dismiss Petitioner's motion to vacate, [CV Doc. 11; see CV Doc. 12]. The Government argued, in part, that Petitioner's § 924(c) charge was predicated on both conspiracy to commit and substantive Hobbs Act robbery and that Hobbs Act robbery remains a crime of violence. [CV Doc. 12 at 1, 7, 13-15 (citing United v. Mathis, 932 F.3d 242, 263-66 (4th Cir. 2019))]. Petitioner responded, taking another new tact. [CV Doc. 14]. Petitioner

---

[Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline).

3

Case 3:14-cr-00015-FDW    Document 87    Filed 12/21/22    Page 3 of 6

argues under the Court's recent decision in United States v. Taylor, 142 S.Ct. 2015, 2021, 2025 (2022), which held attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s force clause, that "completed Hobbs Act robbery cannot qualify as a predicate crime of violence under [§ 924(c)(3)(A)'s] elements clause."  [CV Doc. 1 at 4]. Finally, the Government replied, arguing that Taylor does not help Petitioner because it involved attempted Hobbs Act robbery and binding precedent requires a findings that substantive Hobbs Act robbery remains a crime of violence after Taylor. [CV Doc. 15 at 1-2].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Petitioner here claims his conviction under § 924(c) is unconstitutional because Hobbs Act robbery is not a crime of violence.

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of

4

another may be used in the course of committing the offense" (the "residual clause").  18 U.S.C. § 924(c)(3)(B).

In United States v. Davis, 139 S.Ct. 2319 (2019), the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336.  As such, Petitioner's conviction on Count Three is valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.  The Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266.  Moreover, Hobbs Act robbery "continues to serve as a valid § 924(c) predicate." United States v. Gillespie, 27 F.4th 934, 941 (4th Cir.), cert. denied 143 S.Ct. 164 (Oct. 3, 2022). This Court is bound by controlling precedent until these decisions are "overruled by a subsequent en banc opinion" of the Fourth Circuit "or a superseding contrary decision of the Supreme Court." United States v. Dodge, 963 F.3d 379, 383 (4th Cir. 2020).  As such, Petitioner's conviction under 18 U.S.C. § 924(c) remains valid.

In sum, Petitioner has failed to show that he is entitled to relief under § 2255.  The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss [Doc. 11] is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 21, 2022

Frank D. Whitney
United States District Judge